**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MARIANN BATCHELDER,**

        **Plaintiff,**

 vs.               **10-CV-00267**
                     **(MAD)**
**MICHAEL J. ASTRUE, Commissioner of**
**Social Security,**

        **Defendant.**
_____

APPEARANCES:          OF COUNSEL:

OFFICE OF STEPHEN J. MASTAITIS    Stephen J. Mastaitis, Esq.
1412 State Route 9P
Saratoga Springs, New York 12866
*Attorney for Plaintiff*

Social Security Administration       Michelle L. Christ, Esq.
Office of Regional Counsel        Special Asst. U.S. Attorney
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
*Attorney for Defendant*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

   Plaintiff Mariann Batchelder commenced the above-captioned action pursuant to 42 U.S.C. § 405(g) seeking a review of the Commissioner of Social Security's decision to deny her application for disability insurance benefits ("DIB") and supplemental social security income ("SSI"). Familiarity with the background and procedural history in the case is assumed based on this Court's previous Order. *See Batchelder v. Astrue*, 10-CV-0267, Dkt. No. 16 (December 23, 2011) (Memorandum-Decision and Order). In that Order, the Court remanded this matter to the

Commissioner for further proceedings. On December 23, 2011, the Court entered judgment in plaintiff's favor. (Dkt. No. 17). Presently before the Court is plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 18). The Commissioner opposes plaintiff's motion arguing that the request for fees is untimely. (Dkt. No. 19).

## II. DISCUSSION

The EAJA provides:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. 2412(d)(1)(A).

Moreover, § 2412(d)(1)(B) provides:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

"[F]inal judgment means a judgment that is final and not appealable" and is deemed to have occurred at the time the government's right to appeal lapses—specifically, 60 days after entry of judgment. § 2412(d)(2)(G); *see also Jones v. Astrue*, 2012 WL 3686089, at *1 (W.D.N.Y. 2012); *see also Steele ex rel. M.D. v. Astrue*, 2012 WL 4093116, at *1 (N.D.N.Y. 2012) (citing Fed. R.App. P. 4(a)(1)(B)(iii)) (in a civil case, if one of the parties is a United States

2

officer, the "notice of appeal may be filed by any party within 60 days after entry of the judgment").

Courts have found that the thirty-day EAJA time limit is not jurisdictional and may be subject to equitable tolling. *Allen v. Comm'r of Soc. Sec.*, 2012 WL 1596661, at *2 (S.D.N.Y. 2012). The Court is empowered to equitably toll the time to apply for attorney's fees in circumstances where counsel has been unable to timely file despite due diligence. *Jones v. Astrue*, 2012 WL 3686089, at *1; *see also Steele ex rel. M.D.*, 2012 WL 4093116, at *1 (citing *Torres v. Bowen*, 417 F.3d 276, 276 (2d Cir.2005) ("the doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way.' "). However, where the plaintiff offers no explanation for the untimeliness of her motion, equitable tolling is unwarranted. *See id.*

In this case, plaintiff claims that an EAJA award is available as: (1) plaintiff's net worth did not exceed $2,000,000 at the time the action was filed; (2) plaintiff was a "prevailing party" in a case against the government; and (3) the position of the United States was not substantially justified. The Court entered judgment on December 23, 2011. The time for appeal ended on February 21, 2012. Pursuant to the EAJA, plaintiff had thirty days to file an application seeking an award under the EAJA. Thus, plaintiff's time to file her EAJA application expired on March 22, 2012. However, plaintiff did not file her application until April 4, 2012 and offers no explanation for her failure to timely file the application and there is no evidence in the record to suggest that factors outside of her control prevented her from timely filing. *See Allen*, 2012 WL 1596661, at *2. Moreover, once raised by the Commissioner, plaintiff failed to respond to the arguments regarding the untimeliness of the application. *See Jones*, 2012 WL 3686089, at *1 (the

3

record does not provide the Court with any basis to conclude that there is a reasonable explanation for counsel's tardiness, other than an apparent misunderstanding of the law). Thus, the Court is left with no basis to toll the statutory deadline.

## IV.   CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED** that plaintiff's motion (Dkt. No. 18) for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, is **DENIED**.

**IT IS SO ORDERED.**

Dated:  October 1, 2012
          Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge