**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MARIANN BATCHELDER,**

                          **Plaintiff,**

  vs.                                                  10-CV-00267
                                                           (MAD)

**MICHAEL J. ASTRUE, Commissioner of**
**Social Security,**

                          **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

OFFICE OF STEPHEN J. MASTAITIS       Stephen J. Mastaitis, Esq.
1412 State Route 9P
Saratoga Springs, New York 12866
_Attorney for Plaintiff_

Social Security Administration                Michelle L. Christ, Esq.
Office of Regional Counsel                  Special Asst. U.S. Attorney
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
_Attorney for Defendant_

**Mae A. D'Agostino, U.S. District Judge:**

                                **MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

      Plaintiff Mariann Batchelder commenced the above-captioned action pursuant to 42 U.S.C. § 405(g) seeking a review of the Commissioner of Social Security's decision to deny her application for disability insurance benefits ("DIB") and supplemental social security income ("SSI"). Familiarity with the background and procedural history in the case is assumed based on this Court's previous Orders. The factual and procedural background of the present action was fully set forth in the Court's prior Memorandum–Decisions and Orders and will not be repeated

herein. Presently before the Court is plaintiff's motion for reconsideration of this Court's prior Memorandum-Decision and Order ("MDO") (Dkt. No. 20). (Dkt. No. 21).

## II.   DISCUSSION

Plaintiff argues that reconsideration of the prior MDO is necessary but plaintiff does not articulate whether the motion is made pursuant to N.D.N.Y.L.R. 7.1(g) or Rule 60(b).[1] The standards for motions to vacate under local district court rules are very similar to those used for motions to reconsider under Rule 60(b). *See McAnaney v. Astoria Fin. Corp.*, 2008 WL 222524 (E.D.N.Y. 2008) (discussing cases). Relief under Rule 60 is considered "extraordinary judicial relief." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986). For that reason, the motion will generally be denied unless the moving party or parties can show that the court overlooked facts or controlling law that "might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Generally, "[a] court may justifiably reconsider its previous ruling if: (1) there is an intervening change in controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y.1995). Motions to vacate or to reconsider should not be granted if a moving party seeks only to relitigate an issue that has already been fully considered by the court. *Id.* at 257. "In general, '[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court' ". *Rispler v. Sol Spitz Co., Inc.*, 2006 WL

---

[1] Rule 60(b) of the Federal Rules of Civil Procedure applies to final judgments and orders. *Makas v. New York State Dep't of Motor Vehicles*, 1998 WL 219588, at *1 (N.D.N.Y. 1998).

2

3050885, at *1 (E.D.N.Y. 2006) (the defendants asked that the court excuse their inability to comply with court ordered deadline simply because they were unaware of it) (citing *Shrader, Inc.*, 70 F.3d at 257); *see also Friedman v. State Univ. of New York at Binghamton*, 2006 WL 2882980 *4 (N.D.N.Y. 2006) ("law office failure in the face of clearly established ... deadlines, . . , rarely constitutes excusable neglect").

Plaintiff fails to cite to any caselaw or authority for the relief sought herein and has not met the burden of establishing that she is entitled to any relief under Rule 60 or this court's local rules. Counsel offers no new facts or changes in law to support a motion for reconsideration. While counsel now submits several explanations for the untimely application for EAJA fees, counsel failed to communicate these explanations to the Court with the original application. The Court does not question the validity of counsel's statement, however, counsel was aware of the filing deadlines for the application for EAJA and the responsibility to comply with filing dates lies with the attorney. Nothing in the within motion papers establishes extraordinary circumstances warranting the relief sought herein. Accordingly, plaintiff's request to reconsider is DENIED.

### III. CONCLUSION

**It is hereby**

**ORDERED**, that plaintiff's motion for reconsideration of this Court's prior Order (Dkt. No. 21) is **DENIED.**

**IT IS SO ORDERED.**

Dated: May 30, 2013
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

3